**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-7596**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BERESFORD DAVIS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CR-
98-01-PJM, CA-98-4155-PJM)

———————

Submitted:  April 27, 2000                    Decided:  May 2, 2000

———————

Before NIEMEYER and MOTZ, Circuit Judges, and BUTZNER, Senior Cir-
cuit Judge.

———————

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

———————

Beresford Davis, Appellant Pro Se.  Rod J. Rosenstein, OFFICE OF
THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Beresford Davis seeks to appeal the district court's orders denying his 28 U.S.C.A. § 2255 (West Supp. 1999) motion and his "Motion to amend findings, make additional findings, and set aside judgment" putatively filed under Fed. R. Civ. P. 52(b).[1]

Addressing first Davis' appeal from the denial of his § 2255 motion, we dismiss for lack of jurisdiction because Davis' notice of appeal was not timely filed. Parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal where the United States is a party, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 9, 1999.[2] Davis' notice of appeal was filed on November 5,

---

[1] Given Davis' request that the district court "set aside judgment," we construe this also as a motion under Fed. R. Civ. P. 60(b).

[2] Although the order from which Davis appeals was filed on August 6, 1999, it was entered on the district court's docket sheet on August 9, 1999. August 9, 1999, is therefore the effective date of the district court's decision. See Fed. R. Civ. P. 58 and 79(a); see also Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

1999.[3]  Because Davis failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal.[4]

Addressing Davis' appeal from the denial of his Rule 52(b) and Rule 60(b) motion, we find no abuse of discretion, and accordingly affirm the district court's denial.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

---

[3] For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing.  See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

[4] Although a timely motion under Fed. R. Civ. P. 52(b) or Fed. R. Civ. P. 59(e) will toll the running of this appeal period pending resolution of the motion, we find that Davis' motion, filed on September 22, 1999, was outside the ten-day period prescribed in these rules.

3